UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MOFFITT, | No. 2:14-cv-2149 AC P |
| Plaintiff, | |
| v. | ORDER |
| MULE CREEK STATE PRISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

Plaintiff was ordered to provide a completed affidavit in support of his request to proceed in forma pauperis or to pay the filing fee. ECF Nos. 3, 7. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, because the court finds that this case calls for summary dismissal, no filing fee will be assessed.

Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9 Cir. 1989); Franklin, 745 F.2d at 1227.
10    A complaint must contain more than a "formulaic recitation of the elements of a cause of
11 action;" it must contain factual allegations sufficient to "raise a right to relief above the
12 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading
13 must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
14 a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and
15 Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual
16 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,
17 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility
18 when the plaintiff pleads factual content that allows the court to draw the reasonable inference
19 that the defendant is liable for the misconduct alleged."  Id.
20    In reviewing a complaint under this standard, the court must accept as true the allegations
21 of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
22 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
23 the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).
24    Plaintiff's Allegations
25    Plaintiff lists as defendants: Mule Creek State Prison (MCSP); MCSP Warden Lizarraga;
26 an unnamed correctional officer; San Bernardino County Sheriff's Department; Patton State
27 Hospital and West Valley Detention Center.  Complaint, ECF No. 1 at 1, 2.
28    Plaintiff alleges, to the extent it can be discerned, that he was "illegally sentenced" to a

1  25-year three-strikes term and has evidently served some eighteen years of the sentence.  On Nov.
2  2, 1995, when he arrived at West Valley Detention Center, he was sentenced for a "good [sic]
3  possession of a small amount of cocaine."  When he was sentenced, the judge dismissed [charges]
4  of "a resisting and a weapon [sic]."  ECF No. 1 at 3.

5  As relief, plaintiff asks that he be able to file two petitions for a writ of habeas corpus.  He
6  identifies two cases, No. 2:13-cv-2139 and No. 2:13-cv-1836.  He claims that "they have been
7  forcing" him "around" and "unlawfully confining" him.  He wants to sue in federal district court
8  so that "they" can send plaintiff "to court in this matter as soon as possible."[1]  Id.

9  Rule 8

10  Plaintiff's claims are difficult to decipher and facially frivolous.  Rule 8 requires
11  "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever
12  v. Block, 932 F.2d 795, 798 (9th Cir.1991) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 C.
13  Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed.1990)).  Although the Federal
14  Rules adopt a flexible pleading policy, a complaint must provide fair notice and state the elements
15  of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th
16  Cir.1984).  "Plaintiff must allege with at least some degree of particularity overt acts which
17  defendants engaged in that support plaintiff's claim."  Id. (internal citation/quotation marks
18  omitted).  In this case, plaintiff makes wholly unsupported, vague and conclusory allegations
19  against defendants who are either immune to suit[2] or insufficiently identified.

20  Habeas Corpus and Civil Rights

21  There are two main avenues for relief under federal law on complaints related to

---

[1] Plaintiff appends a note, evidently directed to the Clerk of the Court complaining of "a lot of problems" he has been having.  He segues into an apparent non sequitur concerning the federal government's loans to automobile manufacturers and to the AIG "bailout."  After some further meandering, plaintiff appears to be seeking the assistance of the Clerk's Office in securing anywhere from 1.5 to 5.5 million dollars to be placed in trust fund for him.  ECF No. 1 at 4.

[2] For example, plaintiff purports to sue Mule Creek State Prison (MCSP).  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against MCSP are frivolous and must be dismissed.

1   imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil

2   Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. § 1983. Muhammad v. Close, 540

3   U.S. 749, 750 (2004) (per curiam).

> Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500[] (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

Muhammad v. Close, 540 U.S. at 750-51 (2004).

It is unclear precisely what plaintiff is seeking in this putative complaint. Plaintiff references two petitions he has already filed under 28 U.S.C. § 2254. The court takes judicial notice[3] of Case Nos. 2:13-cv-1836 AC P and 2:13-cv-2139 CKD P. Both cases were dismissed without prejudice in December 2013 after petitioner (plaintiff here) failed to file an amended petition as he had been directed. Case No. 2:13-cv-1836 AC P, ECF No. 24; Case No. 2:13-cv-2139 CKD P, ECF No. 13. It is not clear why plaintiff failed to cure the defects of his previous habeas petitions rather than filing a purported § 1983 action in what appears to be an attempted end run around the habeas statute.

*Heck* Bar

To the extent that plaintiff seeks money damages (as evidenced by his disjointed addendum directed to the Court Clerk) relating to any claim of a wrongful conviction, plaintiff may not yet proceed under § 1983. In Heck v. Humphrey, 512 U.S. 477(1994), the United States Supreme Court held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. See Muhammad v. Close, 540 U.S. at 751.

////

---

[3] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Summary Dismissal

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.2000). See also, Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). The denial of leave to amend is within the district court's discretion. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). In this case, the court can discern no manner in which plaintiff could cure the defects of his allegations. This appears to be one of those relatively rare cases in which leave to amend would be patently futile.

For the reasons set forth above, this court finds that plaintiff's complaint is wholly frivolous, with defects for which no amount of amendment could provide a cure.

Accordingly, IT IS HEREBY ORDERED that this action is summarily dismissed with prejudice and this case is closed.

DATED: November 26, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE